REXACH CONSTRUCTION Co., Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. R-63-138.     Decided March 31, 1966.

---

*Omar Cancio Sifre* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for appellee.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: The taxpayer, Rexach Construction Co., points out and the evidence shows that: the crane involved in this complaint has been designed for and used exclusively to alleviate the construction of multi-storied buildings and, as such, it constitutes construction equipment; that it is moved by electric motors; that the electric energy used by the motors is provided by the Water Resources Authority, and that according to § 22 of the Excise Act (13 L.P.R.A. § 4022) the collection of tax on this equipment was improper since it is not a taxable electrical apparatus but construction equipment not subject to taxation under the above-mentioned Act. On the contrary, the Solicitor General contends that no reimbursement of the $4,083.95 tax paid on the crane in question should be made because the crane is an electrical apparatus not specifically included among those exempt from taxation by the aforementioned Act.

---

■ The taxpayer is right. The prior Internal Revenue Act of Puerto Rico (Act No. 85 of August 20, 1925), as was subsequently amended, levied a 5% tax on the sale price in Puerto Rico of every power operated portable crane (whether moved by electric motors or moved through the use of a petroleum fuel) and all construction equipment listed in subsection 35 of § 16 of the Act. This law also levied a 15% tax on the sale price of electrical apparatus. (Act No. 85, *supra*, subsection 20 of § 16). The Act in question was repealed by the Excise Act which did not tax construction equipment but which continued the 15% tax on electrical apparatus, except the tax was now levied on the taxable price in Puerto Rico as defined (13 L.P.R.A. § 4055).

■ There is no doubt that the Legislature's intent was in approving the new Excise Act, to eliminate the taxation of construction equipment. This can be seen in the report of the Treasury Committee of the Senate of Puerto Rico of December 2, 1955 (Journal of Proceedings, Vol. VII, Book II, 1955), where, in connection with the most essential and important provisions, the Committee reported under the topic "Relief for Industry, Trade and Business" that the project repeals, as in fact the Act repealed, the tax on construction equipment. The Treasury Committee of the House of Representatives expressed itself more clearly (Journal of Proceedings, Vol. VII, Book I, 1955, p. 320), in reporting that "for the purpose of developing the construction business the equipment of the industry is exempt [from taxation] . . . ."

If under the prior law cranes were subject to a specific 5% tax and the tax was not included in the new act and the intent of the Legislature was clearly against their taxation, it is not logical that cranes, even though operated by electricity, are taxable under the new law as electrical apparatus. Such a conclusion would completely defeat the indi-

cated legislative purpose. *Sea-Land Service, Inc.* v. *Secretary of the Treasury*, 91 P.R.R. 390 (1964).

Therefore, the decision rendered by the Superior Court, San Juan Part, on May 1, 1963, shall be reversed and a new decision ordering the Secretary of the Treasury to reimburse the taxpayer the $4,083.95 tax unduly collected in this case, shall be ordered.